IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| CAROLINA VALENCIA,              )<br>    2814 Wenzel Avenue           )<br>    Kansas City, Missouri 64128  )<br>                                      )<br>                  Plaintiff,      )<br>                                      )<br>vs.                                      )<br>                                      )<br>ALLSTATE NORTHBROOK       )<br>INDEMNITY COMPANY          )<br>    Serve:  Director of Insurance  )<br>    301 W. High Street, Room 530 )<br>    Jefferson City, MO 65102     )<br>                                      )<br>                  Defendant.   ) | Case No.:<br>Division: |

## **PETITION FOR DAMAGES**

Plaintiff, Carolina Valencia, and for her cause of action against Defendant Allstate Northbrook Indemnity Company (hereinafter "Allstate"), states, alleges and avers as follows:

1. At all relevant times, Plaintiff was and is an individual and resident of Kansas City, Jackson County, Missouri.

2. At all relevant times, Defendant Allstate has been an insurer authorized to transact business in the State of Missouri as per Chapter 379, R.S.Mo., and may be served with process via the Missouri Director of Insurance.

3. Defendant transacted business in Jackson County, Missouri at the time of the filing of this Petition for Damages.

4. Venue is proper in this Court.

5. On March 14, 2019, Plaintiff was a passenger in a 2016 Toyota Camry, at the intersection of Main Street and Truman Road in Jackson County, Missouri.

Exhibit A

6. At said time and place a 2004 Ford F-250 owned and operated by Jaime Zambrano ("Zambrano"), failed to yield the right of way at a stop light and violently struck the vehicle that Plaintiff was a passenger in (the "Crash").

7. The Crash was caused by Zambrano's negligence, carelessness, and inattention, in among other ways, by Zambrano driving the Ford at an unreasonable speed under the conditions and hazards then existing; driving the Ford at an unsafe and inappropriate speed; failing to adhere to a traffic light; failing to yield the right of way to other motor vehicles lawfully using the roadway, including Plaintiff's vehicle; failing to keep the Ford under control; failing to keep a proper lookout; and, failing to use the Ford's horn to warn of the impeding danger.

8. As a direct and proximate result of the Crash, which was caused by the aforementioned negligent acts and omissions of Zambrano, Plaintiff sustained serious physical injuries, which are permanent and progressive in nature.

9. As a direct and proximate result of the Crash, which was caused by the aforementioned negligent acts and omissions of Zambrano, Plaintiff has endured and will continue to endure significant pain and suffering.

10. As a further and proximate result of the aforesaid negligence of Zambrano, Plaintiff has suffered and will continue to suffer damages including, but not limited to:

    a. Past medical and hospital expenses;

    b. Future medical, hospital and life care expenses;

    c. Past lost wages;

    d. Diminished earning capacity;

    e. Past and future emotional distress and pain and suffering; and

    f. Past and future loss of enjoyment of life.

11. All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

12. On October 22, 2020, Plaintiff, by and through her Counsel, made an offer to settle this matter to Defendant for the policy limits of the applicable underinsured motorist provision of the Policy for the limits of. This offer expired on November 5, 2020.

13. On November 24, 2020, Defendant denied the claim stating Plaintiff had been fully compensated by the underlying carrier for the loss. This was Defendant's final answer before Plaintiff filed this lawsuit.

14. Plaintiff hereby incorporates by reference all preceding allegations of Plaintiff's Petition for Damages as if fully set forth herein.

15. At the time of the Crash referenced herein above, Plaintiff and Defendant had a valid contract for automobile insurance, as an automobile insurance policy bearing number 967 454 436 (the "Policy") was issued and delivered by Defendant to Plaintiff.

16. There was sufficient consideration to support the Policy.

17. Plaintiff performed her duties under the Policy.

18. Plaintiff presented a proper claim for payment to Defendant which warranted payment under the subject underinsured motorist coverage, which Defendant denied.

19. Defendant breached the Policy by not agreeing to compensate Plaintiff for the damages caused by Zambrano's vehicle, an underinsured motorist.

20. Plaintiff has suffered damages in excess of $75,000.

WHEREFORE, based on the foregoing, Plaintiff prays for a judgment against Defendant Allstate for money damages in excess of $75,000; Plaintiff's costs; Attorney's fees as allowed by law; and, for such other and further relief as the Court deems just and proper.

DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts and claims in this cause of action.

        Respectfully submitted,

        DIPASQUALE MOORE, LLC

        */s/ Blaine E. Dickeson*
        BLAINE E. DICKESON   #57938
        4050 Pennsylvania Ave., Ste. 121
        Kansas City, MO 64111
        Phone: 816-888-7501
        Fax:    816-888-7519
        Email: blaine.dickeson@dmlawusa.com
        ATTORNEY FOR PLAINTIFF